IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| DAVID B. CASILLAS, § | |
|     Plaintiff, § | |
| § | |
| v. § | NO. EP-3:15-CV-00012-RFC |
| § | |
| CAROLYN W. COLVIN, § | |
| Acting Commissioner of the Social § | |
| Security Administration, § | |
|     Defendant. § | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423(d), 1382c(a)(3). Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules of the Western District of Texas. For the reasons set forth below, the Commissioner's decision is affirmed.

## PROCEDURAL HISTORY

On November 9, 2011, Plaintiff filed his applications for DIB and SSI. (R:131, 135)[1] The applications were denied initially and on reconsideration. (R:56-69) Pursuant to

---

[1] Reference to documents filed in this case is designated by "(Doc. [docket entry number(s)]:[page number(s)])". Reference to the record of administrative proceedings filed in this case is designated by "(R:[page number(s)])".

Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing to review Plaintiff's application *de novo* on July 18, 2013, at which Plaintiff and a vocational expert ("VE") testified. (R:14-37, 79-87)  The ALJ issued her decision on September 11, 2013, denying benefits. (R:42-55)  Plaintiff's request for review was denied by the Appeals Council on October 24, 2014. (R:8-13)

## ISSUE

Plaintiff presents the following issue for review:

1. Whether the ALJ erred in finding that Plaintiff's cervical spine impairment is not of listing level severity. (Doc.17:2)

## DISCUSSION

### A.  *Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120 (1995).  Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).  A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).  In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into

account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial evidence standard, a court must carefully examine the entire record, but may not reweigh the evidence or try the issues *de novo*. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

**B.     *Evaluation Process***

Disability is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which. . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a medically determinable impairment that is severe; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing"); (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. A person's residual functional capacity ("RFC") is what he can still do despite his limitations or impairments. 20 C.F.R. § 404.1545(a); Soc. Sec. Ruling ("SSR") 96-8p.

An individual applying for benefits bears the initial burden of proving that he is disabled for purposes of the Act.  *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).  The claimant bears the burden of proof at the first four steps, and once met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989).  The Commissioner may meet this burden by the use of opinion testimony of VE(s) or by the use of administrative guidelines provided in the form of regulations.  *Rivers v. Schweiker*, 684 F.2d 1144, 1155 (5th Cir. 1982).  If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that he is unable to perform the alternative work.  *Anderson*, 887 F.2d at 632-33.

C.      ***The ALJ's Hearing Decision***

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 30, 2011.   (R:44)

At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disk disease of the cervical and lumbar spine; and, left ulnar neuropathy.   (R:44)

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or medically equaling one of the listed impairments. (R:45)  She compared Plaintiff's back problems to the severity criteria in Listing 1.04, describing presumptively disabling spinal disorders.  (R:45)  The ALJ found that the medical evidence did not establish the requisite evidence of nerve root compression, spinal arachnoiditis or lumbar spinal stenosis as required under said Listing.  *Id*.  Furthermore, she found no evidence that

Plaintiff's back disorder had resulted in an inability to ambulate effectively, as defined in Listing 1.00(B)(2)(b).   (R:45)

Before arriving at step four, the ALJ found that Plaintiff had the RFC to perform light work except that he was limited to occasional kneeling, crouching and crawling.  (R:45)  He was also limited to frequent handling and fingering with the left upper extremity and should avoid exposure to extreme humidity.   (R:45)

At step four, the ALJ found that Plaintiff was capable of performing his past relevant work as a presser.   (R:48)   Alternatively, at step five, considering Plaintiff's age, education, work experience, and RFC, as well as VE testimony, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.   (R:48-49) Specifically, the VE testified that an individual with Plaintiff's age, education, work experience, and RFC would be able to perform the requirements of representative occupations such as a cleaner, housekeeper and a scaling machine operator.   (R:35, 49)

The ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, since his alleged onset date of September 30, 2011, through the date of the ALJ's decision.   (R:49)

D.   *Analysis*:   **The ALJ's finding that Plaintiff did not meet or equal the requirements of Listing 1.04 of the Regulations is not the result of legal error and is supported by substantial evidence.**

Plaintiff claims that the ALJ failed to correctly evaluate whether Plaintiff's impairment(s) meet or equal Listing 1.04.   (Doc. 17:3-7)   In essence, he contends that the ALJ committed legal error by failing to discuss the evidence offered in support of Plaintiff's claim for disability and explain why she found Plaintiff not disabled, as required by *Audler v. Astrue*, 501 F.3d 446,

448 (5th Cir. 2007).  (*Id.*)   Plaintiff also argues that the evidence in the record indicates that Plaintiff's impairment(s) did meet or equal all the criteria in Listing 1.04.   (Doc. 17:4, 7)

In *Audler*, the Fifth Circuit found the ALJ's summary conclusion—that the medical evidence indicated that Plaintiff's impairments, while severe, were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P—to be beyond meaningful judicial review because the ALJ offered nothing to support her conclusion at step three.   *Audler*, 501 F.3d at 448.   The Fifth Circuit, however, made clear than an exhaustive point-by-point discussion is not required.   *Id*.   Further, any error in providing a conclusion beyond judicial review is subject to harmless error analysis.   *Id*.   The Court found the error harmful in *Audler* because a diagnostic checklist indicated that Audler met the criteria of a listing and there was no medical evidence to contradict such findings.   *Id.,* at 449.

This case is unlike *Audler*, where the ALJ did not identify the listed impairment for which Audler's symptoms failed to qualify and failed to provide any explanation as to how she reached the conclusion that Audler's symptoms were insufficient to meet any listed impairment. Here, the ALJ not only identified Listing 1.04, but also noted the specific impairment(s) under consideration, pointed out that the medical evidence was relatively weak, and identified the criteria that was not met.   (R:46)   The ALJ also discussed the evidence in other sections of her decision.   (R:46-48)   Finally, the ALJ noted that the state agency physicians both opined that Plaintiff could perform a full level of light work.   (R:47)   Though these opinions were not fully adopted, they nevertheless support the ALJ's finding that Plaintiff's impairment(s) did not meet or equal listing-level severity.   The Court does not find the ALJ's conclusion to be beyond judicial review.

Of critical significance to her decision is the ALJ's finding that there was no evidence that Plaintiff's back disorder had resulted in an inability to ambulate effectively, as defined in Listing 1.00(B)(2)(b). (R:45)  The Court, having reviewed the entire record, comes to the same conclusion.  Rather than refer to any evidence which might contradict the ALJ's conclusion, Plaintiff argues that Listing 1.04(A) does not require an inability to ambulate for an individual to meet or equal the listing requirements. (Doc.17:4)  Unfortunately for Plaintiff, such is not the case.

An individual can establish *per se* disability if he can show his impairment(s) meet or equal any listing for an impairment contained in the Listing of Impairments, 20 C.F.R. Part 404. Subpart P, Appendix 1.  *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990).  This includes any relevant criteria in the introduction for the listing for the relevant body system.  20 C.F.R. § 404.1525(c)(3).  Regardless of the specific musculoskeletal system impairment, the claimant must demonstrate a loss of function as defined in the introduction to the listing as the inability to either ambulate or to perform fine and gross movements effectively on a sustained basis for any reason, including pain associated with the underlying musculoskeletal impairment.  20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.00(B)(2); *see also Audler*, 501 F. 3d at 449.  To ambulate effectively, one "must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living."  20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.00(B)(2)(b)(2).  An example of ineffective ambulation includes an inability to walk a block at a reasonable pace on rough or uneven surfaces.  *Id.*

As the ALJ determined, and as the record shows, Plaintiff failed to produce evidence to meet the relevant criteria in the introduction for Listing 1.04 that relate to ambulation. Furthermore, the ALJ concluded that Plaintiff's credibility was seriously lacking, and provided

ample reasons to justify this conclusion, i.e., he had claimed that he had been laid off from his past work due to a change in management, rather than due to his impairments; and, he collected unemployment benefits in 2012, which required him to continue to seek work.  (R:47)  The Court finds that the ALJ was justified in arriving at this credibility determination.

Finally, Plaintiff argues that the record evidence indicates that Plaintiff's impairment(s) meet the criteria in Listing 1.04A.  (Doc. 20:5-7)  The Court, however, reviews only whether there is substantial evidence to support the ALJ's determination that Plaintiff's impairment did not meet or equal a listing impairment.  *See Greenspan v. Shalala*, 38 F.3d at 232, 236 (5th Cir. 1994).

Listing 1.04, entitled "Disorders of the spine", includes disorders such as spinal stenosis and degenerative disc disease.  20 C.F.R. Part 404, Subpart P, App. 1, § 1.04.  To meet the listing, there must be (A) evidence of nerve root compression, or (B) spinal arachnoiditis, or (C) lumbar spinal stenosis.  *Id.*  The associated criteria of each subsection must also be satisfied.  *Id.*

Regarding the associated criteria for Listing 1.04 impairments under subsections (A) through (C), the ALJ did not address what records might support which criteria, or why she found each individual record failed to support such criteria.  The ALJ's explanation, however, when read together with the rest of her decision, is clear: it was not necessary to address these associated criteria in detail inasmuch as Plaintiff failed to meet the relevant criteria in the introduction for Listing 1.04.  The ALJ's finding that no objective medical evidence in the record established an impairment as severe as described in Listing 1.04, in conjunction with the ALJ's credibility finding, provides substantial evidence in support of the ALJ's step three determination.

Alternatively, even if the ALJ erred by not addressing how the medical evidence corresponded to the associated criteria, the Court finds this error to be harmless, because the record does not support the conclusion that Plaintiff's impairment meets or equals any of the listed impairments. *See Audler*, 501 F.3d at 448. "Procedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected. . . . The major policy underlying the harmless error rule is to preserve judgments and avoid waste of time." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). This Court will remand for further proceedings only where the procedural imperfection casts doubt on the existence of substantial evidence to support the ALJ's decision of non-disability. *See Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988).

## CONCLUSION

The Court concludes that the ALJ's findings are not the result of legal error and are supported by substantial evidence. Plaintiff raises no other issues. The Commissioner's decision is, therefore, **AFFIRMED**.

**SIGNED this 3rd day of June, 2016.**

_____
**ROBERT F. CASTANEDA**
**UNITED STATES MAGISTRATE JUDGE**